LUNN, Respondent v. KAISER, Appellant

(72 N.W.2d 312)

(File No. 9526. Opinion filed October 7, 1955)

**Parnell J. Donohue,** Bonesteel, for Defendant and Appellant.

**G. F. Johnson,** Gregory, for Plaintiff and Respondent.

RUDOLPH, P. J. This action was brought to cancel an agreement wherein plaintiff leased to defendant certain farm

land in Gregory County. By the terms of the agreement each of the parties were to furnish certain cattle, hogs and chickens for the operation of the farm and business. The defendant was to furnish the machinery and perform all labor. Each party was to share equally in the proceeds from the livestock and farming operations. The agreement covered the period from March 1, 1954 to March 1, 1956. This action was brought in January 1955. The trial court entered a judgment cancelling the lease and dissolving the relationship created thereby. The defendant has appealed.

The record discloses that the farming and livestock business conducted under the agreement was highly successful financially for each of the parties. Plaintiff's evidence establishes that defendant was a good farmer and capable in handling the livestock. There is no evidence of fraud or dishonesty on behalf of either party.

It appears that plaintiff owned and operated this land for many years. Prior to 1954 his health failed and he wished to relieve himself of the work involved in conducting the farm. There are two houses on the farm located about 150 feet apart. Plaintiff lived in the house referred to as the west house. The east house was to be remodeled, and the agreement provided that defendant should move into this east house with the right reserved to plaintiff to change houses when he so elected. Defendant and his family lived in the east house while it was being remodeled, and in the fall of 1954 upon request of plaintiff the exchange of houses was made.

There was no difficulty between these people until May when at the suggestion of plaintiff some sows were moved for weaning purposes. After moving the sows defendant complained about it, and plaintiff testified that thereafter their relationship changed. An argument was had over furnishing certain milk cows, and in the fall the "shop" incident occurred. Under the terms of the agreement the "shop" was reserved for the personal use of plaintiff. It appears that the building consists of an enclosed part in which plaintiff kept his tools and other equipment generally regarded as a part of a farm shop. The other part of the building while covered with a roof is open and used to store

machinery when not in use. In the fall defendant ran his tractor into this storage part. The plaintiff complained, said that was a part of the "shop" reserved to him under the contract, and ordered defendant to remove the tractor. Defendant refused and when plaintiff started to remove the tractor he was restrained by defendant grabbing him by the jacket. There was also an argument about changing the pasture, and defendant invited plaintiff to take off his glasses. The evidence also discloses several minor incidents such as arguments about walking across the lawn, the amount of cream furnished plaintiff, the pounding on the house being remodeled while defendant's children were asleep, and perhaps other similar incidents.

It may be conceded that the relationship between the parties was not that of bosom friends but nevertheless the purpose for which the contract was entered into succeeded and the personal animosity, if such it may be called, existing between the parties did not detract from the successful conduct of the business.

It may also be conceded, although not decided, that the relationship existing between the parties was that of a joint adventure, and that such relationship may be dissolved by a decree of court upon the same basis as a partnership. SDC 49.0604.

The contract by its terms contemplates that the defendant operate this farm. The land is leased to him, and the contract provides that he is to furnish all "labor and cost of the normal and full operation of this unit." The trial court found that "the management of the business would be the responsibility of the plaintiff and defendant." As we read the record the only evidence in support of such finding is the testimony of plaintiff, to which defendant objected, regarding conversations leading up to the execution of the contract. Plaintiff testified "Well—well, we was supposed to both have something to say about how the stock was handled, because he admitted himself he hadn't had much experience with it and he wanted some advice, or my opinion and suggestions, * * *". Accepting this testimony at its full value, the only disputes among these partners concerning the handling of the stock related to moving the sows

which were moved as plaintiff suggested and changing the pastures upon which issue the record is very brief. The recrod is replete with instances where plaintiff made suggestions about the livestock which were complied with, and these instances were not only at the outset of the relationship but at least to the time the hogs and calves were sold.

 We find nothing in the record to support any determination that plaintiff was deprived of any right of direction he had under the contract. The real dispute here relates to discord over trivial matters, for which both parties were responsible. No doubt the bringing of this action only added to the discord, as plaintiff testified the parties were only on speaking terms during the two months preceding the trial, but defendant cannot be charged with commencing these proceedings.

 The agreement expires by its own terms on March 1, 1956. It does not clearly appear that the plaintiff will suffer any loss by the continuation of the relationship during the existence of the agreement. The trial court stated in his memorandum opinion, "I am unable to determine that one is more responsible for this situation than the other, * * *". Under these circumstances we believe the harsh remedy of dissolution is unnecessary. We are inclined to agree with the Pennsylvania court, "Differences and discord should be settled by the partners themselves by the application of mutual forebearance rather than by bills in equity for dissolution. Equity is not a referee of partnership quarrels. A going and prosperous business will not be dissolved merely because of friction among the partners; it will not interfere to determine which contending faction is more at fault." Potter v. Brown, 328 Pa. 554, 195 A. 901, 904, 118 A.L.R. 1415.

The judgment appealed from is reversed.

All the Judges concur.